UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| * | CIVIL ACTION NO. |
| NEW ENGLAND BANANA COMPANY, INC.,   * | 1:16-cv-11487 |
| * | |
| Plaintiff   * | |
| * | |
| VS.   * | |
| * | |
| * | |
| SUPREME FOOD INC.,   * | |
| FRANCISCO GARCIA, A/K/A   * | |
| FRANCISCO A. GARCIA, AND   * | |
| GILCIA GARCIA, A/K/A   * | |
| GILCIA A. LAUREANO-RODRIGUEZ,   * | |
| * | |
| Defendants   * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**Background**

1.      This case arises in part under 7 U.S.C. § 499e(c), the Perishable Agricultural

Commodities Act, 7 U.S.C. § 499a et seq., [hereinafter "PACA"], and 28 U.S.C.

§§ 1331 and 1332.

2.      Venue in this district is proper in that the Plaintiff has its principal place of

business and made delivery of the goods in this district.

**Parties**

3.      Plaintiff, New England Banana Company, Inc. [hereinafter "NEBCo"] is a

Massachusetts corporation, with an usual place of business in Chelsea, Suffolk County,

Massachusetts, engaged in the business of buying and selling wholesale quantities of

perishable agricultural commodities [hereinafter "Produce"] in interstate commerce

pursuant to PACA. NEBCo was at all pertinent times and is now licensed under PACA,

License No. 19962630.

4.        Defendant, Supreme Food Inc. is a Massachusetts corporation which does

business under the name and style of Supreme Market and Supreme and has a principal

place of business in Lynn, Essex County, Massachusetts.

5.        Supreme Food Inc. is engaged in the business of buying wholesale quantities of

Produce and selling the same at retail subject to PACA.

6.        Defendant, Francisco Garcia, also known as Francisco A. Garcia, is a resident of

New York, New York and the President and a Director of Supreme Food Inc.

7.        Defendant, Gilcia Garcia, also known as Gilcia A. Laureano-Rodriguez, is a

resident of the Hyde Park District of Boston, Suffolk County, Massachusetts and the

Treasurer and a Director of Supreme Food Inc.

COUNT I
Goods Sold And Delivered

8.        The allegations in paragraphs 1 through 7 are incorporated as if fully set forth herein.

9.        Supreme Food Inc. owes NEBCo the sum of $11,956.18 for Produce sold and

delivered as more fully set forth on the account annexed as Exhibit A to the Complaint and

incorporated herein by reference.

WHEREFORE, NEBCo demands judgment against Supreme Food Inc. for the sum of $11,956.18

plus interest from June 30, 2016 at the rate of 18% per annum, attorneys fees and costs.


COUNT II
Contract - NEBCo

10.          The allegations in paragraphs 1 through 9 are incorporated as if fully set forth

herein.

11.          On diverse dates, Supreme Food Inc. contracted with NEBCo to purchase certain

items of Produce at wholesale.

12.          NEBCo performed its obligations and delivered the agreed upon Produce to

Supreme, Food Inc.

13.          Payment for all items purchased from NEBCo by Supreme Food Inc.  was due

within 10 days of the date of purchase.

14.          Supreme Food Inc. has failed, neglected and refused to make payment of the

agreed upon price for the Produce

15.          Supreme Food Inc. owes NEBCo sum of $11,956.18, plus interest at the statutory

rate of 18% per annum, attorneys fees and costs.

WHEREFORE, NEBCo demands judgment against Supreme Food Inc. for the sum of

$11,956.18, plus interest at the rate of 18% per annum from June 30, 2016, attorneys fees

and costs.


COUNT III
PACA Trust Enforcement and
Dissipation of PACA Trust Assets By Responsible Individuals

16.     The allegations in paragraphs 1 through 15 are incorporated as if fully set forth

        herein.

17.     Plaintiffs sold Produce to Supreme Food Inc. subject to interstate commerce.

18.     Plaintiffs duly delivered said Produce which was accepted by Supreme Food Inc.

        in Massachusetts.

19.     At the time of the initial delivery of the Produce to Supreme Food Inc., Plaintiff

        became the beneficiary of a floating, non-segregated statutory trust (the "PACA

        Trust").

20.     Plaintiff preserved  its status as a beneficiary of the PACA Trust and remains a

        beneficiary until payment in full is made for the Produce.

21.     Supreme Food Inc. is required to be licensed under PACA, but is not so licensed.

22.     Supreme Food Inc. is required to ensure that it has sufficient PACA Trust assets

        on hand to pay Plaintiff at the time payment is due.

23.     Until Plaintiff is paid in full, the PACA Trust Assets consist of:

        a.      All of Supreme Food Inc.'s Produce;

        b.      All of Supreme Food Inc.'s inventory of food and other products

                derived from Produce;

        c.      All of Supreme Food Inc.'s receivables and proceeds from the sale

                of Produce, food and other products derived from produce; and

        d.      Any and all assets into which PACA Trust Assets have been

                transformed, commingled or dissipated.

24.     Payment for the Produce is overdue and has not been made by Supreme Food Inc.

despite demand by the Plaintiff.

25.     Supreme Food Inc. has dissipated the PACA Trust assets and has failed to make

        full payment promptly of all amount due to the Plaintiffs from the PACA Trust

        Assets in violation of PACA and the Department of Agriculture regulations

        promulgated thereunder, 7 C.F.R. § 46.2 et seq.

26.     Francisco Garcia is a "responsibly connected" person under PACA, 7 U.S.C. §

        499a(9)(B).

27.     Gilcia Garcia is "responsibly connected" persons under PACA, 7 U.S.C. §

        499a(9)(B).

28.     Francisco Garcia had at all times pertinent the authority to control and exercised

        actual control over the PACA Trust assets.

29.     Gilcia Garcia had at all times pertinent the authority to control and exercised

        actual control over the PACA Trust assets.

30.     Defendants have each failed to fulfill his, her and it statutory duties to preserve

        the PACA Trust assets and make full payment promptly to Plaintiff for the

        Produce.

31.     The failure of Supreme Food Inc., Francisco Garcia and Gilcia Garcia to maintain

        the PACA Trust Assets and to make full payment promptly Plaintiff for the

        Produce constitutes the unlawful dissipation of PACA Trust assets.

32.     As a result of the acts, neglect and failures of the Defendants, the Plaintiff has not

        been paid and suffered great loss and damage.

WHEREFORE, Plaintiff demands judgment against Supreme Food Inc., Francisco Garcia and

Gilcia Garcia, jointly and severally, for the sum of $11,956.18, such interest at the rate of

18% per annum from June 30, 2016, attorneys fees and costs.

COUNT IV
(Mass. G.L. c. 93A §§ 2, 11)

33.     The allegations in paragraphs 1 through 32 are incorporated as if fully set forth

        herein.

34.     Plaintiff is engaged in trade or commerce as defined by G.L. c. 93A in the

        Commonwealth of Massachusetts.

35.     Supreme Food Inc. is engaged in trade or commerce as defined by G.L. c. 93A in

        the Commonwealth of Massachusetts.

36.     Francisco Garcia is engaged in trade or commerce as defined by G.L. c. 93A in

        the Commonwealth of Massachusetts.

37.     Gilcia Garcia is engaged in trade or commerce as defined by G.L. c. 93A in the

        Commonwealth of Massachusetts.

38.     Supreme Food Inc. purchased and obtained Produce from the Plaintiff with

        knowledge or reason to know that it would be unable to make timely payment

        therefor.

39.     Supreme Food Inc. purchased and obtained Produce from the Plaintiff intending

        that payment would not be timely made therefor.

40.     Francisco Garcia and Gilcia Garcia each caused or permitted Supreme Food Inc.

        to make the above referenced purchases.

41.      Supreme Food Inc., Francisco Garcia and Gilcia Garcia, and each of them, caused

or permitted the dissipation of the PACA Trust Assets.

42.      Supreme Food Inc., Francisco Garcia and Gilcia Garcia, and each of them, caused

or permitted the failure to make timely payment to the Plaintiffs.

43.      The foregoing acts and practices constitute unfair or deceptive acts and practices.

44.      The unfair and deceptive acts and practices were committed willfully and/or with

knowledge or reason to known that the same violated G.L. c. 93A §§ 2 and 11.

45.      As a result of the unfair and deceptive acts and practices of Supreme Food Inc.,

Francisco Garcia and Gilcia Garcia, and each of them, the Plaintiff has suffered

and continues to suffer great loss and damage.

WHEREFORE, Plaintiff demands judgment against Supreme Food Inc., Francisco Garcia and

Gilcia Garcia, jointly and severally, as follows:

1.      Single damages in the amount of its loss and damage;

2.      Multiple damages of at least twice and up to three times the single damage award;

3.      Interest at the rate of 18% per annum;

4.      Attorney fees and costs;

5.      Such other and further relief as this court deems just and mete.


NEW ENGLAND BANANA CO., INC.
By Its Attorneys
OSBORNE & FONTE

/s/Andrew M. Osborne
Andrew M. Osborne, BBO#380455
20 Eastbrook Road
Dedham, MA 02026

781-326-3875
aosborne@osbornefontelaw.com

EXHIBIT A

**NEW ENGLAND BANANA COMPANY, INC.**

**Supreme Food Inc.**
**Supreme Supermarket**
**201-205 Common St.**                                    **Terms        10 Days**
**Lynn, MA 01905**                                        **Interest         18%**

| Date | Due Date | Invoice | Amount | Payment/ Credit | Invoice Balance | Interest to 11/17/2015 | Total |
|---|---|---|---|---|---|---|---|
| 8/29/2015 | 9/8/2015 | 146176 | 675.00 | | 675.00 | 23.30 | 698.30 |
| 8/31/2015 | 9/10/2015 | 146282 | 365.00 | | 365.00 | 12.24 | 1,075.54 |
| 9/1/2015 | 9/11/2015 | 146401 | 438.00 | | 438.00 | 14.47 | 1,528.01 |
| 9/4/2015 | 9/14/2015 | 146724 | 1,131.00 | | 1,131.00 | 35.70 | 2,694.71 |
| 9/8/2015 | 9/18/2015 | 146939 | 490.00 | | 490.00 | 14.50 | 3,199.21 |
| 9/16/2015 | 9/26/2015 | 147691 | 1,687.00 | | 1,687.00 | 43.26 | 4,929.47 |
| 9/19/2015 | 9/29/2015 | 148033 | 664.00 | | 664.00 | 16.05 | 5,609.51 |
| 9/22/2015 | 10/2/2015 | 148284 | 1,959.00 | | 1,959.00 | 44.44 | 7,612.95 |
| 9/25/2015 | 10/5/2015 | 148630 | 550.00 | | 550.00 | 11.66 | 8,174.62 |
| 9/28/2015 | 10/8/2015 | 148779 | 460.00 | | 460.00 | 9.07 | 8,643.69 |
| 10/9/2015 | 10/19/2015 | 149912 | 2,598.00 | | 2,598.00 | 37.15 | 11,278.85 |
| 10/16/2015 | 10/26/2015 | 150511 | 1,852.00 | | 1,852.00 | 20.09 | 13,150.94 |
| 10/16/2015 | 10/26/2015 | 150512 | 806.00 | | 806.00 | 8.74 | 13,965.68 |
| 10/19/2015 | 10/29/2015 | 150668 | 912.00 | | 912.00 | 8.55 | 14,886.23 |
| 10/19/2015 | 10/29/2015 | 150669 | 740.00 | | 740.00 | 6.93 | 15,633.16 |
| 10/19/2015 | 10/29/2015 | 150670 | 985.00 | | 985.00 | 9.23 | 16,627.39 |
| 10/21/2015 | 10/31/2015 | 150885 | 370.00 | | 370.00 | 3.10 | 17,000.49 |
| 10/24/2015 | 11/3/2015 | 151145 | 556.00 | | 556.00 | 3.84 | 17,560.33 |
| 10/24/2015 | 11/3/2015 | 151146 | 1,436.00 | | 1,436.00 | 9.91 | 19,006.25 |
| subtotal | | | 18,674.00 | | 18,674.00 | 332.25 | 19,006.25 |
| 11/17/2015 | 11/17/2015 | | | 2,000.00 | 18,674.00 | 128.93 | 17,135.17 |
| 11/30/2015 | 11/30/2015 | | | 4,500.00 | 17,135.17 | 109.85 | 12,745.03 |
| 12/16/2015 | 12/16/2015 | | | 1,000.00 | 12,745.03 | 100.56 | 11,845.59 |
| 12/31/2015 | 12/31/2015 | | | | 11,845.59 | 87.62 | 11,933.22 |
| 1/7/2016 | 1/7/2016 | | | 1,000.00 | 11,933.22 | 41.19 | 10,974.41 |
| 1/31/2016 | 1/31/2016 | | | | 10,974.41 | 129.89 | 11,104.30 |
| 2/29/2016 | 2/29/2016 | | | | 11,104.30 | 158.81 | 11,263.11 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 3/31/2016 | 3/31/2016 | | | 11,263.11 | 172.19 | 11,435.29 |
| 4/30/2016 | 4/30/2016 | | | 11,435.29 | 169.18 | 11,604.47 |
| 5/31/2016 | 5/31/2016 | | | 11,604.47 | 177.41 | 11,781.88 |
| 6/30/2016 | 6/30/2016 | | | 11,781.88 | 174.31 | 11,956.18 |
| | | | | | | |
| subtotal | | | 8,500.00 | | 1,449.94 | |
| | | | | | | |
| Totals | | 18,674.00 | 8,500.00 | | 1,782.18 | 11,956.18 |

per diem      5.4120